```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA                         :
                                                 :    1:11-cr-00569-PAC
        - against -                              :
                                                 :    OPINION & ORDER
ROBERTO ROSA,                                    :
          Defendant.                             :
------------------------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Roberto Rosa ("Defendant," "Rosa") is a 51-year-old inmate at Federal Correctional Institution Schuylkill ("FCI Schuylkill") who moves *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A) citing the threat posed to him as a diabetic should he contract COVID-19 while incarcerated. His earliest projected release date is September 6, 2021. The Government concedes that the Defendant has exhausted his administrative remedies and demonstrated "extraordinary and compelling reasons" permitting a reduction but opposes the motion on the grounds that the sentencing factors in 18 U.S.C. § 3553(a) counsel against release.

The motion is DENIED without prejudice to its renewal should Rosa's health or conditions at his facility materially worsen.

## BACKGROUND

Rosa was arrested on June 22, 2011 and charged along with 23 co-defendants in a nine-count Second Superseding Indictment (the "Indictment") that alleged a wide range of narcotics offenses and violent conduct in connection with a drug trafficking organization ("DTO") that operated from Creston Avenue in the Bronx, New York from approximately 2003 to 2011. Dkt.

1

79; Presentence Report ("PSR"), ¶¶ 1–14, 32–33.  The DTO, led by Rosa's co-defendant Levit Fernandini, obtained large shipments of cocaine from Puerto Rico and marijuana in hundred-pound quantities from suppliers along the border with Mexico, carried firearms, and repeatedly engaged in violence to achieve and protect the DTO's criminal aims.  PSR, ¶¶ 32–36.

Rosa was charged with conspiring to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 ("Count One"); using and carrying a firearm in relation to a drug-trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 ("Count Four"); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count Nine").

Rosa pled guilty to Count One of the Indictment on August 21, 2012 and was sentenced on November 8, 2012.  Minute Entry dated Aug. 21, 2012; Dkt. 431, at 1.  Probation calculated Rosa's Offense Level at 31 and his Criminal History Category at VI, accounting for an extensive list of drug-related convictions that ran back to 1992.  PSR, ¶¶ 50–91.  The statutory provisions set out a prison term of 5 to forty years, the Guidelines provided for 188 to 235 months, and Probation recommended a sentence of 188 months' imprisonment.  PSR, at 33.  The Court at sentencing accepted Probation's Guidelines calculations and weighed the seriousness of the criminal conduct to which Rosa pled,[1] Rosa's relative position in the DTO, and assistance Rosa provided the Government in connection with misconduct at the Metropolitan Detention Center

---

[1] The Court at sentencing described the DTO as:

> a serious, serious business, marijuana and cocaine for extended periods of time with murders and shootings, violence, and complete indifference to human life and exploitation of human beings.  And Mr. Rosa is one of those who was both exploited and was exploiting others as well, so he's hardly a blameless character.

Sent'g Tr., Dkt. 436, at 14:15–21.

2

("MDC") in Brooklyn.  Sent'g Tr., Dkt. 437, at 13:18–15:16.  The Court imposed a sentence of 135 months' imprisonment followed by four years of supervised release.  *Id.* at 15:15–16.

Rosa submitted a request for compassionate release to his warden on July 10, 2020.  Dkt. 617, at 2.  That request was denied on August 6, 2020, and Rosa's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) was docketed on ECF on August 27.  *Id.*

## DISCUSSION

### I.  Compassionate Release Standard

The compassionate release statute at 18 U.S.C. § 3582(c)(1)(A) provides a limited exception to the general prohibition against amending an imposed prison sentence.  *United States v. Israel*, 05 CR 1039 (CM), 2020 WL 5641187, at *3 (S.D.N.Y. Sept. 22, 2020).  The statute permits a defendant to bring a motion on his own behalf after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")]" to bring such a motion, or upon "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  A court may grant a discretionary sentence reduction after a defendant has exhausted his administrative remedies

where "extraordinary and compelling reasons warrant" it.[2]  Congress's amendment of 18 U.S.C. § 3582(c)(1)(A) in the First Step Act of 2018 ("FSA") permitting defendants to bring motions for compassionate release on their own behalf "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring" in support of a sentence reduction.  *Brooker*, 2020 WL 5739712, at *7.  Where "extraordinary and compelling reasons" permitting a reduction are present, the court may reduce a defendant's sentence after reviewing the sentencing factors in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

"As the proponent of the Motion, [Rosa] bears the burden of proving that 'extraordinary and compelling reasons' exist and that he is entitled to the relief he seeks."  *Israel*, 2020 WL 5641187, at *4.  Rosa filed his motion *pro se*, and so the Court reads it for the strongest arguments it suggests.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006).

---

[2] The Second Circuit's recent decision in *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712 (2d Cir. Sept. 25, 2020) affirmed the range of discretion in practice among district courts in the Southern District of New York when reviewing motions brought under 18 U.S.C. § 3582(c)(1)(A) for "extraordinary and compelling reasons" in the context of the COVID-19 pandemic.  2020 WL 5739712, at *5 (observing that "[a] majority" of district courts have "concluded that . . . the [FSA] freed district courts to exercise their discretion in determining what are extraordinary circumstances.").  *Compare United States v. Davis*, 1:14-cr-00296-PAC-1, 2020 WL 5628041, at *3 (S.D.N.Y. Sep. 21, 2020) (requiring the movant to demonstrate "'a genuine need based in medical fact for a reduction in that specific defendant's sentence'") *with United States v. Pacheco*, 12-CR-408 (JMF), 2020 WL 4350257, at *1 (S.D.N.Y. July 29, 2020). Indeed, after *Brooker*, "[t]he only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" 2020 WL 5739712, at *8 (quoting 28 U.S.C. § 994(t)) (emphasis in original).

## II.     Application

The Government concedes that Rosa has both exhausted his administrative remedies and demonstrated "extraordinary and compelling reasons"[3] permitting a discretionary sentence reduction. Dkt. 617, at 1. The Court independently finds that both these conditions have been met.

However, this Court's review of the sentencing factors in 18 U.S.C. § 3553(a) make clear that a reduction should not be granted in Rosa's case. The "nature and circumstances of the offense," "history and characteristics of the defendant," and need to uphold the general and specific deterrence goals of the imposed sentence and provide "just punishment" all point in favor of denying Rosa's motion. Rosa's lengthy criminal history prior to the instant offense, totaling 19 previous convictions over a 17-year period, including two prior felony convictions involving controlled substances, PSR, ¶¶ 52–91, demonstrates the need for substantial specific deterrence. The length of the underlying narcotics conspiracy in which he played a role and the violence that was used to enforce and maintain the DTO also remain substantial concerns that lead to the conclusion that a sentence reduction for Rosa is not appropriate.

Furthermore, the Court considered several mitigating factors under 18 U.S.C. § 3553(a) before imposing a sentence well below the Guidelines range of 188 to 235 months, and so Rosa has already obtained considerable relief from what could have been a much lengthier prison term.

---

[3] The Defendant describes himself as a Type 1 diabetic in his submission and asserts numerous other medical conditions including high blood pressure, high cholesterol, post-traumatic stress disorder, and schizophrenia. Dkt. 615, at 1. The Government states that the Defendant's "most recent BOP medical records reflect that he is a Type 2 diabetic, not a Type 1 diabetic," but agrees that Rosa has demonstrated "extraordinary and compelling reasons" for purposes of 18 U.S.C. § 3582(c)(1)(A). Dkt. 617, at 2 n.1, 5.

## **CONCLUSION**

Rosa's motion is DENIED without prejudice to its renewal should his health or conditions at his facility materially worsen. The Clerk of Court is directed to close the motion at Docket No. 615.

Dated: New York, New York  
      October 15, 2020

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge